**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES ex rel. POSTEL
ERECTION GROUP, L.L.C.,

    Plaintiff,

vs.                                                          Case No: 6:12-cv-182-Orl-37DAB

TRAVELERS CASUALTY AND
INSURANCE COMPANY OF
AMERICA; and FEDERAL INSURANCE
COMPANY,

    Defendants.

## ORDER

This cause is before the Court on the following:

1.     Defendants' Motion to Stay (Doc. No. 35), filed May 2, 2012;

2.     May 2, 2012 Affidavit of Timothy Johnson (Doc. No. 36) filed May 2, 2012;

3.     Defendants' Request for Judicial Notice (Doc. No. 37), filed May 2, 2012;

4.     Plaintiff's Response in Opposition (Doc. No. 43), filed May 30, 2012; and

5.     Defendants' Notice of Filing Deposition Transcript of Earl Parmer (Doc. No. 45), filed June 18, 2012;

6.     Defendants' Notice of Filing Plaintiff's Initial Disclosures (Doc. No. 46), filed June 18, 2012;

7.     Defendants' Reply to Response to Motion to Stay (Doc. No. 50), filed June 22, 2012.[1]

---

[1] Plaintiff requests leave to file a sur-reply. (Doc. No. 52.) The Court does not believe additional briefing is necessary to resolve the issues presented by Defendants' Motion. Therefore, the Court will deny Plaintiff's request.

**BACKGROUND**

This action was brought pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, which provides a subcontractor with the right to sue a surety on a contractor's payment bond. The parties' dispute arises from the construction of the Department of Veterans Medical Center in Orlando, Florida. Plaintiff, Postel Erection Group, L.L.C., holds itself out as a second-tier subcontractor that performed work on that project. Plaintiff contends it was not paid by the first-tier subcontractor, Postel Industries, Inc.[2]

Defendants, who are the sureties on the prime contractor's payment bonds, move to stay this action pending the outcome of an arbitration proceeding between Postel Industries, Inc. and the prime contractor.

**DICUSSION**

This Court has broad authority to stay proceedings incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances . . . ."). Regardless of whether a subcontractor is bound by an arbitration clause, a subcontractor's claim against a surety on a payment bond may be stayed pending arbitration between the primary contractor and the subcontractor. *See United States ex rel. Portland Constr. Co. v. Weiss Pollution Control Co.*, 532 F.2d 1009, 1013 (5th Cir. 1976) (noting, in a Miller Act case, "the Federal Arbitration Act specifically

---

[2] The relationship between Postel Erection Group, L.L.C. and Postel Industries, Inc. is murky. The companies appear to be closely-related. The evidence of record shows that the president of Postel Industries is also a managing member of Postel Erection. The companies may also share employees. The Court's adjudication of Defendants' Motion, however, does not depend on the relatedness of the Postel companies.

provides for a stay rather than a dismissal").

In *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), the Supreme Court stated, "In some cases, of course, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. The decision is one left to the district court . . . as a matter of its discretion to control its docket." *Id.* at 20 n.23; *see also Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). Judicial economy, however, does not mandate the granting of a stay. Rather, as noted in *Landis v. North American Co.*, 299 U.S. 248 (1936):

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstance will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will settle the rights of both.

*Id.* at 255; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring) (The "heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course.").

In this case, the Court concludes a stay would promote judicial economy and efficiency. Plaintiff's claims are commingled with the facts and circumstances being litigated in the arbitration proceeding. The arbitration claims include, *inter alia*, an allegation that "PII and its subcontractors, including CSR, PEG [i.e, Postel Erection Group, L.L.C.], Mosely, and others abandoned the project without cause." (Doc. No. 43-3.) Thus, it appears likely that resolution of the arbitration claim may be necessary to establish the amount "justly due" Plaintiff.

Moreover, while the Court need not determine the precise relationship between Postel Erection Group, L.L.C. and Postel Industries, Inc., it is sufficiently clear on this

record that it would be problematic to allow the parties in this action to litigate while the arbitration proceeding is ongoing. Not only would there be the possibility of inconsistent outcomes, but also the parties would incur unnecessary expenses. Staying Plaintiff's claim in this action ensures that a decision in either proceeding will not impact the outcome of the other.

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Defendants' Motion to Stay (Doc. No. 35) is **GRANTED**. This action is **STAYED** pending the related arbitration proceeding. Plaintiff shall file a status report on or before October 1, 2012, and every 90 days thereafter.

2. Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 52) is **DENIED**.

3. The Clerk is directed to administratively close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 28, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record

4